08 CV 00900

Evan Schwartz (ES-8122)
Brad A. Schlossberg (BS-5341)
Quadrino Schwartz
666 Old Country Road - Ninth Floor
Garden City, New York 11530
(516) 745-1122

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JACK B. LEMONIK,

                            Plaintiff,                Case No.:

     - against -

                                                   **COMPLAINT**

SUN LIFE INSURANCE & ANNUITY COMPANY OF
NEW YORK,
                                                  JURY TRIAL
                         Defendant.              DEMANDED
-------------------------------------------------------------------X

Plaintiff, JACK B. LEMONIK, by and through his attorneys, QUADRINO & SCHWARTZ, P.C., as and for his Complaint against Defendant SUN LIFE INSURANCE & ANNUITY COMPANY OF NEW YORK hereby sets forth the following:

**THE PARTIES**

1.     At all times hereinafter mentioned, Plaintiff, JACK B. LEMONIK ("Plaintiff"), was and remains a resident of the County of Nassau, State of New York.

2.     Defendant, SUN LIFE INSURANCE AND ANNUITY COMPANY OF NEW YORK ("Defendant" or "Sun Life") offers group long term disability policies to employers such as Plaintiff's employer, FX Alliance LLC. ("FXA").

3.     Upon information and belief, at all times hereinafter mentioned, Defendant Sun Life is a corporation organized and existing under the laws of the State of Pennsylvania with

Sun Life is a corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business at 1601 Chestnut Street, Philadelphia, Pennsylvania.

### JURISDICTION AND VENUE

4. Jurisdiction is founded on 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) because the claims herein arise under the Employee Retirement Income Security Act of 1974 [29 U.S.C. §1001 *et seq.*] and the regulations promulgated thereunder.

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§1391(b)(1) and (c) and 29 U.S.C. 1132(e)(2) since Defendant resides in this judicial district, is subject to personal jurisdiction in this judicial district, and maintains contacts in this judicial district sufficient to subject it to personal jurisdiction.

### FACTS

6. On or about August 1, 2004, Defendant Sun Life issued Group Long Term Disability policy number 89439 to FXA (the "Policy").

7. The Policy was issued for the benefit of certain eligible FXA employees in exchange for the payment of premiums by FXA.

8. At all times hereinafter mentioned, Plaintiff was an employee of FXA and eligible for disability benefits under the Policy issued by Defendant.

9. The Policy provides, *inter alia*, that disability insurance payments will be made to Plaintiff in the event that he becomes disabled due to an injury or sickness.

10. On December 30, 2005, during the period within which the Policy was in full force and effect, and while Plaintiff was an eligible employee, Plaintiff became disabled

within the meaning and pursuant to the definition of Total Disability and/or Partial Disability set forth in the Policy, since he was "unable to perform the material and substantial duties of his occupation" and was "unable to perform with reasonable continuity any gainful occupation for which he is or becomes reasonably qualified for by education, training or experience."

11. As of this date, Plaintiff continues to be disabled pursuant to the Policy's terms, as previously set forth.

12. Plaintiff timely filed a claim, and thereafter cooperated with Defendant, provided proper proof of loss, and otherwise complied with the Policy terms and conditions regarding the filing of a claim.

13. By correspondence dated October 2, 2006, Defendant informed Plaintiff that he was not eligible for disability benefits and denied his claim for such benefits.

14. On or about May 25, 2007 Plaintiff exhausted his administrative remedies by timely submitting his appeal of Defendant's initial adverse benefit determination.

15. By correspondence dated September 20, 2007, Defendant wrongfully upheld its initial adverse benefit determination of October 2, 2006.

16. Defendant is a conflicted decision maker because it has a financial interest in the outcome of Plaintiff's claim and said conflict improperly influenced its adverse benefit determinations.

17. Plaintiff has exhausted all administrative appeals and remedies to the extent they exist pursuant to the conditions of the employee benefit plan.

## COUNT ONE

### (Breach of Contract 29 U.S.C. § 1132 (A)(1)(B))

18. Plaintiff incorporates by reference paragraphs 1 - 17 as if fully set forth herein.

19. Pursuant to the terms of the Policy, so long as Plaintiff remained Totally Disabled, Defendant was obligated make monthly benefit payments to Plaintiff until he reached the age of 65.

20. Despite Plaintiff's Total Disability, Defendant has and continues to refuse to pay Plaintiff's benefits, pursuant to the Policy, although payment thereof has been duly demanded.

21. Said refusal on the part of Defendant is a willful and wrongful breach of the Policy terms and conditions.

22. Monthly benefits to Plaintiff continue to be due and payable by Defendant with the passage of each month.

## COUNT TWO

### (Breach of Contract 29 U.S.C. § 1132 (A)(1)(B))

23. Plaintiff incorporates by reference paragraphs 1 - 22 as if fully set forth herein.

24. Pursuant to the terms of the Policy, Defendants must pay Plaintiff disability benefits from April 1, 2006, 90 days after the first date of his disability, through the date of this complaint and continuing until plaintiff attains age 65, so long as the plaintiff continues to be Totally Disabled, as such term is defined in the Policy.

25. Defendant has and continues to refuse to make payments to Plaintiff pursuant to the Policy, although payment thereof has been duly demanded.

26. Said refusal on the part of Defendant is a willful and wrongful breach of the Policy terms and conditions.

## COUNT THREE

### (Breach of Contract 29 U.S.C. § 1132 (A)(1)(B))

27. Plaintiff incorporates by reference paragraphs 1-22 as if fully set forth herein.

28. Pursuant to the terms of the Policy, so long as Plaintiff remained Partially Disabled, Defendant was obligated make monthly benefit payments to Plaintiff until he reached the age of 65.

29. Despite Plaintiff's Partial Disability, Defendant has and continues to refuse to pay Plaintiff's benefits, pursuant to the Policy, although payment thereof has been duly demanded.

30. Said refusal on the part of Defendant is a willful and wrongful breach of the Policy terms and conditions.

31. Monthly benefits to Plaintiff continue to be due and payable by Defendant with the passage of each month.

## COUNT FOUR

### (Breach of Contract 29 U.S.C. § 1132 (A)(1)(B))

32. Plaintiff incorporates by reference paragraphs 1 - 22 as if fully set forth herein.

33. Pursuant to the terms of the Policy, Defendants must pay Plaintiff disability benefits from April 1, 2006, 90 days after the first date of his disability, through the date of this complaint and continuing until plaintiff attains age 65, so long as the plaintiff continues to be Partially Disabled, as such term is defined in the Policy.

34. Defendant has and continues to refuse to make payments to Plaintiff pursuant to the Policy, although payment thereof has been duly demanded.

35.  Said refusal on the part of Defendant is a willful and wrongful breach of the Policy terms and conditions.

### DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues so triable.

**WHEREFORE,** Plaintiff, JACK B. LEMONIK, prays that he may have an order and/or judgment pursuant to ERISA §502(a)(1)(B) declaring as follows:

a.  Plaintiff is Totally Disabled pursuant to the language and within the meaning of the subject Policy of Insurance issued by Defendant, SUN LIFE;

b.  Plaintiff is Partially Disabled pursuant to the language and within the meaning of the subject Policy of Insurance issued by Defendant SUN LIFE;

c.  Defendant SUN LIFE must pay all benefits in arrears due and owing since April 1, 2006, plus interest at New York State's statutory prejudgment interest rate;

d.  Defendant SUN LIFE's obligation to pay benefits to Plaintiff shall continue as long as he remains Totally Disabled, subject to the terms of and the applicable benefit period contained in the Policy;

e.  Defendant SUN LIFE's obligation to pay benefits to Plaintiff shall continue as long as he remains Partially Disabled, subject to the terms of and the applicable benefit period contained in the Policy;

f.  Defendant SUN LIFE must reimburse Plaintiff for his costs, including but not limited to legal fees; and

g.  Such other, further and different legal and equitable relief as the Court deems just and proper.

Dated: Garden City, New York
       January 16, 2008

By: _____
Brad A. Schlossberg (BS-5341)
Evan Schwartz (ES-8122)
Quadrino Schwartz
Attorneys for Plaintiff
666 Old Country Road - Ninth Floor
Garden City, New York 11530
(516) 745-1122

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACK B. LEMONIK,

                    Plaintiff,

-against-

SUN LIFE INSURANCE & ANNUITY COMPANY OF NEW YORK,

                    Defendant.

Index No.:

## CIVIL COVER SHEET SUMMONS IN A CIVIL ACTION and COMPLAINT

QUADRINO & SCHWARTZ, P.C.

Attorneys for Plaintiff - *JACK B. LEMONIK*
666 OLD COUNTRY ROAD
NINTH FLOOR
GARDEN CITY, NEW YORK 11530
(516) 745-1122