Lynelle J. Slivinski (LS-1210)
OGLETREE, DEAKINS, NASH,
SMOAK, & STEWART, P.C.
521 Fifth Avenue, Suite 1700
New York, NY 10017
Telephone: (212) 292-4314
lynelle.slivinski@ogletreedeakins.com

Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOURTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| JACK B. LEMONIK, | Case No. 08 CIV. 00900 (JSR) |
| Plaintiff | |
| | **ANSWER** |
| -Against- | |
| | **Document Filed Electronically** |
| SUN LIFE INSURANCE & ANNUITY COMPANY OF NEW YORK, | |
| Defendant | |

---

Defendant Sun Life Insurance & Annuity Company of New York, by way of Answer to plaintiff's Complaint herein says:

## AS TO THE PARTIES

1.  Defendant admits the material allegations contained in paragraph 1.

2.  Defendant admits the material allegations contained in paragraph 2.

3.  Defendant denies the allegations contained in paragraph 3.

## AS TO JURISDICTION AND VENUE

4.  Defendant admits the material allegations contained in paragraph 4.

5.  Defendant admits that venue is proper in this Court, but it denies the remaining allegations contained in paragraph 5.

## AS TO THE FACTS

6. Defendant admits that the effective date of Group Policy Number 89439 was August 1, 2004, but it denies the remaining allegations contained in paragraph 6.

7. Defendant admits that the group long term disability policy was issued for the purpose of funding benefits under an employee disability benefit program sponsored by Plaintiff's former employer. Defendant denies the remaining allegations contained in paragraph 7.

8. Defendant denies the allegations contained in paragraph 8.

9. Defendant admits that the terms of the policy are contained in one or more written documents, which speak for themselves and provide the best evidence of their contents. Defendant denies the remaining allegations contained in paragraph 9.

10. Defendant denies the allegations contained in paragraph 10.

11. Defendant denies the allegations contained in paragraph 11.

12. Defendant denies the allegations contained in paragraph 12.

13. Defendant admits that its letter denying Plaintiff's claim, which is contained in the administrative record, speaks for itself and provides the best evidence of its contents. Defendant denies the remaining allegations contained in paragraph 13.

14. Defendant admits that Plaintiff exhausted his administrative remedies with respect to his claim for total disability benefits, but denies the remaining allegations contained in paragraph 14.

15. Defendant admits that it communicated its decision to uphold the denial of Plaintiff's claim by a letter dated September 20, 2007, which letter speaks for itself and provides

the best evidence of its contents. Defendant denies the remaining allegations contained in paragraph 15.

16. Defendant denies the allegations contained in paragraph 16.

17. Defendant admits that Plaintiff exhausted his administrative appeals and remedies with respect to his claim for total disability benefits, but denies the remaining allegations contained in paragraph 17.

## AS TO COUNT ONE

18. Defendant realleges and incorporates its answers to paragraphs 1 – 17 as if fully set forth herein.

19. Defendant admits that the terms of the policy are contained in one or more written documents, which speak for themselves and provide the best evidence of their contents. Defendant denies the remaining allegations contained in paragraph 19 and specifically denies that Plaintiff was ever disabled under the terms of the policy.

20. Defendant admits that it denied Plaintiff's claim for benefits because he was not entitled to such benefits under the terms of the policy. Defendant denies the remaining allegations contained in paragraph 20.

21. Defendant denies the allegations contained in paragraph 21.

22. Defendant denies the allegations contained in paragraph 22.

## AS TO COUNT TWO

23. Defendant realleges and incorporates its answers to paragraphs 1 – 22 as if fully set forth herein.

24. Defendant denies the allegations contained in paragraph 24.

25. Defendant admits that it denied payment of Plaintiff's claim for benefits because he was not disabled under the terms of the policy. Defendant denies the remaining allegations contained in paragraph 25.

26. Defendant denies the allegations contained in paragraph 26.

### AS TO COUNT THREE

27. Defendant realleges and incorporates its answers to paragraphs 1 – 26 as if fully set forth herein.

28. Defendant admits that the terms of the policy are contained in one or more written documents, which speak for themselves and provide the best evidence of their contents. Defendant denies the remaining allegations contained in paragraph 28 and specifically denies that Plaintiff was ever disabled under the terms of the policy.

29. Defendant admits that it denied payment of Plaintiff's claim for benefits because he was not entitled to such benefits under the terms of the policy. Defendant denies the remaining allegations contained in paragraph 29.

30. Defendant denies the allegations contained in paragraph 30.

31. Defendant denies the allegations contained in paragraph 31.

### AS TO COUNT FOUR

32. Defendant realleges and incorporates its answers to paragraphs 1 – 31 as if fully set forth herein.

33. Defendant denies the allegations contained in paragraph 33.

34. Defendant admits that it denied payment of Plaintiff's claim for benefits because he was not entitled to such benefits under the terms of the policy. Defendant denies the remaining allegations contained in paragraph 34.

35. Defendant denies the allegations contained in paragraph 35.

**WHEREFORE**, Defendant prays that Plaintiff take nothing by his Complaint, for attorney's fees, costs in this action, and for all just and proper relief in the premises.

### AFFIRMATIVE AND OTHER SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

Any allegation not specifically admitted, controverted or denied previously in this Answer is now denied.

### SECOND SEPARATE DEFENSE

Defendant's decisions were not arbitrary and capricious or an abuse of discretion and/or were otherwise in accordance with the terms of the employee benefit plan and policy.

### THIRD SEPARATE DEFENSE

Plaintiff's demand for a jury trial is improper under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, et seq., as amended ("ERISA") and should be stricken.

### FOURTH SEPARATE DEFENSE

To the extent Plaintiff has made any state law claims, such claims are preempted by ERISA and should be stricken.

### FIFTH SEPARATE DEFENSE

To the extent Plaintiff has requested remedies beyond the remedies available under ERISA, such remedies are preempted by ERISA and should be stricken. Plaintiff's remedies, if any, are limited to the exclusive remedies provided by ERISA.

### SIXTH SEPARATE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SEVENTH SEPARATE DEFENSE

To the extent Plaintiff is deemed entitled to benefits under the policy, such benefits are subject to various set-offs and other reductions, pursuant to the terms of the policy.

### EIGHTH SEPARATE DEFENSE

Plaintiff failed to exhaust applicable administrative remedies with respect to a claim for partial disability benefits because he never made a claim for partial disability benefits during the administrative review process and his attempt to make such claims in his Complaint should be dismissed.

### NINTH SEPARATE DEFENSE

To the extent Plaintiff is deemed entitled to benefits under the policy, such benefits would be limited in duration based on the terms of the policy.

### TENTH SEPARATE DEFENSE

Defendant incorporates, as a fully set forth herein, all defenses under FRCP 8©.

### ELEVENTH SEPARATE DEFENSE

Defendant reserves the right to amend this Answer and Additional Defenses as discovery continues.

**WHEREFORE**, Defendant prays that Plaintiff take nothing by his Complaint, for attorney's fees, costs in this action, and for all just and proper relief in the premises.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Attorneys for defendant

Dated: March 7, 2008

By: /s/ Lynelle J. Slivinski
Lynelle J. Slivinski (LS-1210)

5547345.1 (OGLETREE)